## PIZILLIO v. CITY OF NEW YORK INS. CO.
### No. 1218.

Court of Appeal of Louisiana.   First Circuit.
Oct. 5, 1933.

See, also, Pizillio v. Lincoln Fire Ins. Co. (La. App.) 150 So. 107.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

C. G. Spaht and Moise Thibodeaux, both of New Orleans, for appellee.

MOUTON, Judge.

This suit is for the recovery of the sum of $300 for the value of property covered by an insurance policy issued in favor of plaintiff by defendant company.

Judgment was rendered against defendant for the amount claimed, from which this appeal is taken.

The policy contains the following stipulation:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added thereto, shall be void if * * *; or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

In its answer, defendant alleges that:

"A portion of the personal property covered against loss by fire under said policy is more specifically described as follows, to-wit;

"One Hobart Meat Grinder.

"One Jim Vaughn Meat Cutting Machine.

"One Frigidaire and all incidental equipment was encumbered by chattel mortgages at the time of the issuance of said policy contract, etc."

The answer and the contention is that the articles above described formed only a portion of the effects covered by the policy issued by defendant company; and that this policy also covered the other effects in a meat market upon which plaintiff had taken a policy of insurance in the Lincoln Insurance Company.

We held in the Lincoln Insurance Case, 150 So. 107, for reasons not necessary to repeat here, that the policy issued by defendant company herein did not cover the other effects which had been previously insured by plaintiff in the Lincoln Insurance Company; consequently, there was no "Frigidaire and all incidental equipment" covered by the policy herein issued, as those effects had been insured in the other company.

Among the things incumbered by the alleged mortgage according to the enumeration in the answer above referred to is: "One refrigerator and incidental equipment." The fact is that two machines above designated in the answer as being mortgaged at the time the policy was issued by defendant herein are the only things that were covered in the mortgage. As to the Frigidaire and all incidental equipment there is no reference whatsoever made to these things in the chattel mortgage and by which they were certainly not incumbered.

The question presented for decision is therefore as to whether the stipulation in the policy contract which we have above reproduced, was violated by reason of the incumbrance of the Hobart meat grinder and the Jim Vaughn meat-cutting machine with a chattel mortgage at the time defendant company issued the policy herein sued upon.

The policy in this case was issued by Mr. McClelland, agent of defendant company, who testifies in the suit of plaintiff against the Lincoln Insurance Company of New York. In that case, Mr. McClelland testified that the policy issued by him covered the effects which were originally insured by the Lincoln Insurance Company. He testified that the Hobart meat grinder and the Jim Vaughn cutting machine mentioned had never been pointed out to him by plaintiff as the things he wanted insured. His testimony is that he had never heard of these machines until the morning he gave his testimony. In the policy sent by him to plaintiff, meat choppers and sausage grinders were mentioned and which the evidence shows were the Hobart and Jim Vaughn machines that had been pointed out to him when he stated to plaintiff that he would insure them for $300, as appears from the testimony of the plaintiff and Mr. Sullivan who was present at the time and who, as far as the record shows, was an entirely disinterested witness.

On that showing, we accepted the testimony of the plaintiff and Mr. Sullivan as true in disposing of the case of plaintiff against the Lincoln Insurance Company. In connection with the testimony of Mr. McClelland that he had never heard of these machines until the day he gave his testimony, it is appropriate to refer to another part of his evidence where, in answer to a question asked him in reference to the filling of blanks, he said: "The stenographer in the office writes the policy; I have nothing to do with that. I give her the information and she goes ahead and writes it."

This stenographer was certainly not present when Mr. McClelland agreed to issue the policy, and it is therefore evident that the things referred to in the policy as meat choppers, sausage grinders, including scales, were incorporated in the policy contract under the direction of Mr. McClelland.

We, have made these references to the testimony of Mr. McClelland because there is again a sharp conflict between his testimony and that of plaintiff and Mr. Sullivan on this a vital issue in this case, which is as to whether plaintiff, when he obtained the insurance in defendant company, told Mr. McClelland that there was a mortgage on the Hobart and Jim Vaughn machines.

The testimony of the plaintiff is that he told Mr. McClelland, at that time, that there was a chattel mortgage on those machines.

Mr. Sullivan is equally positive that this statement was made to Mr. McClelland by plaintiff and that Mr. McClelland agreed to insure them for $300.

The testimony of Mr. McClelland is that no reference was made to any chattel mortgage at that conference.

We have not been favored with the reasons assigned by the district judge for the decision rendered in favor of plaintiff herein. We must assume that he accepted as true the testimony of the plaintiff and of Mr. Sullivan on the subject above discussed, and we are certainly unable to find any error in that conclusion.

Act No. 222 of 1928, p. 291, says that the breach of an insurance policy shall not afford "a defense to a suit on the policy if the fact or facts constituting such a breach existed at the time of the issuance of the policy and were at such time known to the insurer or to any of his or its officers or agents."

If the existence of the chattel mortgage on the property insured constituted a breach of the policy under the provisions of that statute, as the agent Mr. McClelland was informed of that fact when he issued the policy, defendant company cannot avail itself of such a defense.

Defendant company was therefore correctly held liable for the amount of the policy.

Judgment affirmed.